MEMORANDUM **
Gregory Island appeals the district court’s dismissal of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.
1. The district court did not err in finding Island ineligible for a reduction in his term of supervised release under 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) allows the district court to reduce the “term of imprisonment” when the defendant was sentenced based upon a sentencing range which has been subsequently lowered. By its plain language, § 3582(c)(2) does not provide for a reduction in the supervised *761 release portion of the sentence. Islands contention that the language “term of imprisonment” includes the term of supervised release lacks merit. Though the term of supervised release is part of the sentence, it is not part of the “term of imprisonment.” “The term of supervised release commences on the day the person is released from imprisonment ... [and] does not run during any period in which the person is imprisoned.... ” 18 U.S.C. § 3624(e).
2. Moreover, the district court sentenced Island under 21 U.S.C. § 841 for distributing 81.4 grams of cocaine base. Section 841(b) provides for a mandatory minimum of five years supervised release when a person distributes 50 grams or more of cocaine base. “[A] defendant whose sentence is controlled by a statutory mandatory minimum is not eligible for a sentence reduction under § 3582(c)(2).” See United States v. Paulk, 569 F.3d 1094, 1096 (9th Cir.2009).
3. Finally, the district court also correctly deemed Island ineligible for a reduction in his term of supervised release as inconsistent “with applicable policy statements issued by the Sentencing Commission.” 18 U.S.C. § 3582(c)(2). The relevant policy statement provides that, “[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.” U.S.S.G. § lB1.10(b)(2)(C) (2008). Thus, the court cannot reduce Island’s term of supervised release to account for the amount of time served beyond what would have been appropriate in view of the amended guideline range. The application notes to the policy statement provide that the court may consider any reduction it was unable to grant on a completed sentence in connection with any motion for early termination of a term of supervised release under 18 U.S.C. § 3588(e)(1).” Id. § 1B1.10 cmt. n. 4(B). However, serving a longer term of imprisonment than would have been appropriate “shall not, without more, provide a basis for early termination of supervised release.” Id.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.